```
 1                 IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF OREGON

 3                           PORTLAND DIVISION

 4

 5   UNITED STATES OF AMERICA,       )
                                     )
 6                       Plaintiff,  )  Nos. 3:16-cr-00187-MO-1
                                     )       3:18-cr-00256-MO-1
 7              vs.                  )
                                     )  June 1, 2018
 8   JAMIE FAYE COBAT,               )
                                     )  Portland, Oregon
 9   _____Defendant._____   )

10

11

12

13                     TRANSCRIPT OF PROCEEDINGS

14                            (Sentencing)

15

16          BEFORE THE HONORABLE MICHAEL W. MOSMAN

17             UNITED STATES DISTRICT COURT JUDGE

18

19

20

21

22

23   Court Reporter:          Ryan White, RMR, CRR, CSR/CCR
                              United States District Courthouse
24                            1000 SW 3rd Avenue, Room 301
                              Portland, Oregon 97204
25                            (503) 326-8184
```

```
 1                          APPEARANCES

 2

 3   For the Plaintiff:      UNITED STATES ATTORNEY'S OFFICE
                             By:  HELEN L. COOPER
 4                           helen.cooper@usdoj.gov
                             405 East 8th Avenue, Suite 2400
 5                           Eugene, Oregon 97401
                             (541) 465-6771
 6

 7   For the Defendant:      OFFICE OF THE FEDERAL PUBLIC DEFENDER
                             By:  MARK P. AHLEMEYER
 8                           mark_ahlemeyer@fd.org
                             101 SW Main Street, Suite 1700
 9                           Portland, Oregon 97204
                             (503) 326-2123
10

11   Probation Officer:      Jessica Lehmann

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1        (June 1, 2018; 11:01 a.m.)

2

3               P R O C E E D I N G S

4

5        MS. COOPER:  Good morning, Your Honor.  Helen Cooper
6   on behalf of the United States.  This is the matter of the
7   United States versus Jamie Faye Cobat, case No. 16-cr-187, and a
8   first appearance on case No. 18-cr-256.
9        The parties -- the defendant is present with her
10  attorney, Mr. Ahlemeyer.  The parties have reached a plea
11  agreement where the defendant will be pleading guilty to the new
12  misdemeanor information, and then the government, at the
13  conclusion of sentencing, will be moving to vacate the jury
14  verdicts on the 16-cr-187 matter.
15        And the government is ready to proceed.
16        THE COURT:  Thank you.
17        Good morning.
18        MR. AHLEMEYER:  Good morning, Your Honor.
19        I guess as an initial matter, I would need to be
20  appointed in the new case.  I've not yet been.
21        THE COURT:  I do appoint you.
22        MR. AHLEMEYER:  Thank you, Your Honor.
23        The government summed it up accurately.  We have
24  reached a plea agreement under 11(c)(1)(C), and we are also
25  prepared to proceed.

1          THE COURT:  And you're expecting also to go to
2     sentencing today; is that right?
3          MR. AHLEMEYER:  That would be our preference,
4     Your Honor, and we would waive PSR as well in this case.
5          THE COURT:  Thank you.
6          Would you swear in the defendant, please.
7
8                    JAMIE FAYE COBAT,
9     having been first duly sworn or affirmed, was examined and
10    testified as follows:
11
12         THE COURT:  Go ahead and be seated.
13         Ms. Cobat, do you understand you're now under oath?
14    If you answer any of my questions falsely, you could be
15    prosecuted for perjury.
16         Could you pull that microphone closer.
17         THE DEFENDANT:  Yes.
18         THE COURT:  I'm told that you're 52 years old and have
19    gone to school through the 10th grade.  Is that right?
20         THE DEFENDANT:  Correct.
21         THE COURT:  Do you feel like you're able to understand
22    all the things you needed to discuss with your attorney?
23         THE DEFENDANT:  Yes.
24         THE COURT:  Are you mentally prepared to go forward
25    with this hearing today?

```
 1                THE DEFENDANT:  Yes.
 2                THE COURT:  Are you being treated for any kind of
 3    mental illness?
 4                THE DEFENDANT:  No.
 5                THE COURT:  Are you taking any medication that would
 6    affect your ability to think clearly?
 7                THE DEFENDANT:  No.
 8                THE COURT:  Have you had a full opportunity to meet
 9    with your attorney?
10                THE DEFENDANT:  Yes.
11                THE COURT:  Has he been able to answer your questions?
12                THE DEFENDANT:  Yes.
13                THE COURT:  Are you satisfied with his representation
14    of you?
15                THE DEFENDANT:  Yes.
16                THE COURT:  I have two important documents here in
17    front of me; a plea agreement and a plea petition.  Have you
18    gone over those two documents with Mr. Ahlemeyer?
19                THE DEFENDANT:  Yes, I have.
20                THE COURT:  Carefully?
21                THE DEFENDANT:  Yes.
22                THE COURT:  Have you signed each of those documents
23    yourself?
24                THE DEFENDANT:  Yes.
25                THE COURT:  Did you sign them voluntarily?
```

```
 1                THE DEFENDANT:  Yes.
 2                THE COURT:  The plea agreement is in a letter dated
 3   May 18th of this year.  Is this letter your entire plea
 4   agreement?
 5                THE DEFENDANT:  Yes.
 6                THE COURT:  Let me ask it this way:  Has anybody made
 7   any kind of promise to you about your case that's not in this
 8   letter?
 9                THE DEFENDANT:  I don't believe so.
10                THE COURT:  Has anyone threatened or intimidated you
11   in some way to force you or get you to enter into this plea?
12                THE DEFENDANT:  No.
13                THE COURT:  Do you understand the maximum penalties in
14   this case set forth in paragraph 3 of the plea agreement letter?
15                THE DEFENDANT:  Yes.
16                THE COURT:  Beyond the penalties in paragraph 3,
17   Mr. Ahlemeyer, are there any other collateral consequences to
18   this plea I should cover with your client?
19                MR. AHLEMEYER:  Not that I'm aware of, Your Honor.
20                THE COURT:  The plea agreement discusses also
21   something called a waiver of appeal.  Ordinarily you could
22   appeal your conviction or your sentence if you think they
23   violate the law.  But you can give up that right to appeal as
24   part of a plea agreement, and that's what this one says you
25   intend to do.  Is that correct?
```

```
 1                THE DEFENDANT:  Yes.
 2                THE COURT:  The plea agreement also has a
 3   lengthy -- almost a full page on restitution here.  Do you
 4   understand what's happening with restitution in this case?
 5                THE DEFENDANT:  Yes.
 6                THE COURT:  And do you agree that the plea agreement
 7   letter accurately sets out what you've agreed to as to
 8   restitution?
 9                THE DEFENDANT:  Yes.
10                THE COURT:  Do you have a copy of the plea petition
11   there in front of you?
12                THE DEFENDANT:  Yes.
13                THE COURT:  Would you turn to paragraph 7 on page 3.
14                Have you gone over that previously with your attorney?
15                THE DEFENDANT:  Yes.
16                THE COURT:  I want you to understand, Ms. Cobat, that
17   you have the right to go to trial in this case.  But if you
18   choose to plead guilty this morning and I accept your plea, then
19   there won't be any trial, you'll be giving up those rights set
20   forth there in paragraph 3.  Do you understand that?
21                THE DEFENDANT:  Yes.
22                THE COURT:  So would you turn now to the plea
23   agreement letter.  I'm going to turn your attention to
24   paragraph 5.
25                The first half of that paragraph, you might think of
```

1  it as the first four sentences there, are a description of the
2  crime you're being charged with.  Do you agree that's an
3  accurate description of the crime you're being charged with here
4  today?
5            THE DEFENDANT:  Yes.
6            THE COURT:  And then the second half of that paragraph
7  sets forth the facts that, if you did those things, would make
8  you guilty of this crime.  Do you agree you did the things set
9  forth there in paragraph 5 that would make you guilty of this
10 crime?
11           THE DEFENDANT:  Yes.
12           THE COURT:  Is there anything you wished to discuss
13 with your attorney privately for a moment before I ask you about
14 your plea to this information?
15           THE DEFENDANT:  No.
16           THE COURT:  Would you please stand, Ms. Cobat.
17           You've been charged, ma'am, in a one-count information
18 with the misdemeanor crime of theft of government funds.  What
19 is your plea to that charge, ma'am?  Guilty or not guilty?
20           THE DEFENDANT:  Guilty.
21           THE COURT:  It is the finding of the Court in the case
22 of United States versus Jamie Faye Cobat that the defendant is
23 fully competent, capable of entering an informed plea, that her
24 plea of guilty to this crime is a knowing and voluntary plea
25 supported by an independent basis in fact containing each

1  essential element of the offense.
2           Your plea is therefore accepted.  I now adjudge you
3  guilty of this offense.  I've signed the order entering plea.
4           Given the history of this case, I believe I have
5  sufficient information in front of me, along with the nature of
6  the charge itself and its potential range of punishments, to
7  proceed immediately to sentencing without the preparation of a
8  different or additional presentence report in a case like this.
9           And I understand that to be your position also, that
10 you feel your client can go ahead and be sentenced today without
11 further information presented to the Court.
12          MR. AHLEMEYER:  Yes, Your Honor.
13          THE COURT:  And do you agree, Ms. Cooper?
14          MS. COOPER:  I do.  Thank you, Your Honor.
15          THE COURT:  All right.  Then, Ms. Cooper, go ahead, on
16 behalf of the United States, regarding sentencing.
17          MS. COOPER:  Thank you, Your Honor.
18          Unless the Court has some questions about the plea
19 agreement or any of the underlying facts -- but as Your Honor
20 indicated, you presided over the trial, and I think you're very
21 well aware of the circumstances.  So with that, I have nothing
22 further to add.
23          THE COURT:  Let me make sure that I have the structure
24 of the sentencing.
25          You're then advocating a sentence of six months

1   probation, 100 hours community service, and $19,247 in
2   restitution; is that right?
3           MS. COOPER:  That's correct, Your Honor.  That is the
4   plea agreement.
5           THE COURT:  Of course along with a $25 fee assessment.
6           MS. COOPER:  Yes.  Thank you.
7           THE COURT:  Thank you.
8           Is that right, Mr. Ahlemeyer?
9           MR. AHLEMEYER:  That is correct, Your Honor.
10          I would say the one other unique addition in the plea
11  agreement is with regard to restitution.  Ms. Cobat is found
12  disabled.  Her only benefits are Social Security, and they have
13  been withholding over $500 to repay the restitution.  So as part
14  of the agreement, the government and we agreed that as long as
15  Social Security withheld at least $500 a month, that while she's
16  on probation, there would not be additional restitution payments
17  required.
18          THE COURT:  Thank you.
19          Is there anything further you wish to say on behalf of
20  your client before I pass sentence?
21          MR. AHLEMEYER:  No, Your Honor, unless there's
22  specific questions the Court has.
23          THE COURT:  No.
24          Does your client wish to speak?
25          MR. AHLEMEYER:  She does not, Your Honor.

1          THE COURT:  Thank you.

2          On this misdemeanor crime, then, I do find it
3  appropriate to go along with the negotiated sentence in this
4  case, which I think is fair and just under all the circumstances
5  of the case, under any relevant guidelines, and under Section
6  3553(a).

7          I therefore impose a sentence of six months probation,
8  100 hours community service, $25 fee assessment, and restitution
9  in the total amount of $19,247.  I will waive interest on the
10 payment of these and allow payment of it according to the
11 agreement set forth in the plea agreement letter.

12         While on probation, you'll be under the standard
13 conditions of probation.

14         Any special conditions of probation being sought here
15 today?

16         MS. LEHMANN:  We would recommend the conditions that
17 we put in the original presentence report, which I believe were
18 provided in the statement of -- or the suggested statement; the
19 financial conditions 1 through 4, the mental health treatment
20 condition, the condition requiring the defendant not to possess
21 alcohol, and the condition requiring her to avoid establishments
22 where alcohol is the primary item for sale.

23         THE COURT:  Had you previously had a chance to go over
24 all those conditions with your client, Mr. Ahlemeyer?

25         MR. AHLEMEYER:  We had discussed those much earlier in

```
 1   the case.
 2            And actually, those final ones, I would object to
 3   those conditions, and I would also ask the Court to suspend the
 4   drug testing requirement.  This case doesn't involve any drug or
 5   alcohol issues whatsoever that I'm aware of.  So I guess I'm
 6   not really --
 7            THE COURT:  I'm not going to impose the drug or
 8   alcohol conditions or the testing.
 9            But the other conditions relate to her being
10   accountable for her funds while she's paying restitution, do you
11   object to those at all?
12            MR. AHLEMEYER:  No, Your Honor.  And, actually,
13   earlier I provided the government with the most recent financial
14   disclosure statement.  I also have a copy for probation today.
15   So we do not object to those.
16            THE COURT:  So those earlier conditions mentioned in
17   the presentence report, conditions 1 through 4, is that --
18            MS. LEHMANN:  That's correct, Your Honor.
19            THE COURT:  Those will be imposed again in this
20   sentence.
21            Anything further, Ms. Cooper, from the United States?
22            MS. COOPER:  Well, Your Honor, I will then move to
23   vacate the jury verdicts as to counts 1, 2, and 4 in the 16-187
24   matter.  And then also there was a forfeiture -- preliminary
25   order of forfeiture that was submitted, and we would move to
```

1   withdraw that.  I believe the Court signed it, so we'd move to
2   withdraw that.
3           And then with the jury verdicts being vacated, I
4   believe, then, I move to dismiss, then, the remaining counts 1,
5   2, and 4.
6           THE COURT:  I grant those motions.  Thank you,
7   Ms. Cooper.
8           Anything further from the defense?
9           MR. AHLEMEYER:  Just one clarification question.
10          THE COURT:  Yes.
11          MR. AHLEMEYER:  Was the Court also intending to impose
12  the mental health treatment program requirement?  Because
13  Ms. Cobat does get treatment on her own already.  I just don't
14  see the necessity of adding that layer on top of it.
15          THE COURT:  I am imposing that condition, although I
16  want it to be satisfied, that is she has to have mental health
17  treatment, but it should be satisfied if she's doing her own
18  personal mental health program.  Not -- I don't mean personal
19  like at home doing yoga or something.  But going on her own to
20  mental health treatment, then that should satisfy that
21  condition.  I'm not going to require double.
22          MR. AHLEMEYER:  So I guess her regular doctor is all
23  she's seeing right now is the clarification I just received.
24          THE COURT:  She'll work with her probation officer,
25  then, on an appropriate course of mental health treatment, which

1  is a flexible condition, but requires her to engage in some
2  mental health treatment, which I think is essential in this
3  case.
4          MR. AHLEMEYER:  Understood, Your Honor.
5          THE COURT:  Anything further, Mr. Ahlemeyer?
6          MR. AHLEMEYER:  No.  Thank you.
7          THE COURT:  We'll be in recess.
8          MS. COOPER:  Thank you, Your Honor.
9
10      (The proceedings concluded at 11:14 a.m.)

C E R T I F I C A T E

     I certify, by signing below, that the foregoing is a true and correct transcript of the record, taken by stenographic means, of the proceedings in the above-titled cause. A transcript without an original signature, conformed signature, or digitally signed signature is not certified.

     DATED this 14th day of June, 2014.

_____
RYAN WHITE
Registered Merit Reporter
Certified Realtime Reporter
Expires 9/30/2019
Washington CCR No. 3220
Expires 10/25/2018
Oregon CSR No. 10-0419
Expires 12/31/2020